OPINION
{¶ 1} On August 26, 2004, appellee, the Stark County Department of Job and Family Services, filed a complaint for temporary custody of Lindsay Horstmann born June 29, 2004, alleging the child to be dependent. Mother of the child is Paula Colberg; father is appellant, Hans Horstmann. Ms. Colberg and her children are Cherokee therefore, the Cherokee Nation was notified pursuant to the Indian Child Welfare Act. Hearings were held on October 27, and November 24, 2004. By judgment entry filed January 19, 2005, the trial court found the child to be dependent, and granted appellee temporary custody of the child.
 {¶ 2} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 3} "The tuscarawas county jobs and family services agency failed to prove its case by the required clear and convincing standard."
 II {¶ 4} "The trial court's decision and ruling is against the manifest weight of the evidence."
 III {¶ 5} "The trial court's decision and ruling is not supported by sufficient probative evidence."
 IV {¶ 6} "The tuscarawas county juvenile court did not have jurisdiction to hear this matter."
 V {¶ 7} "The tuscarawas county juvenile court committed reversible error and/or abused its discretion in that the magistrate's decision is inherently flawed and thus the trial court's judgment is inherently flawed in that the trial court erred in determining the minor child (scott) was suffering from munchausen syndrome by proxy."
 VI {¶ 8} "The trial court committed reversible error in using non evidentiary materials to make its determination."
 VII {¶ 9} "The trial court committed reversible error in determining the mother's psychological was inaccurate."
 VIII {¶ 10} "The trial court committed reversible error in finding the case plan addressed all issues `which resulted in the removal of the child' when it failed to include the father or the instant minor child in the instant case plan."
 IX {¶ 11} "The trial court committed reversible error by determining the instant minor child was dependent."
 I, II, III, IV, VII, IX {¶ 12} Appellant claims the trial court erred in finding Lindsay to be a dependent child. Appellant claims the evidence presented was not clear and convincing, and the decision was against the manifest weight and sufficiency of the evidence. Appellant also challenges the trial court's jurisdiction, and the trial court's determination that a psychological evaluation of Ms. Colberg was inaccurate. We disagree with all of appellant's arguments.
 {¶ 13} Pursuant to R.C. 2151.04(D), a dependent child means any child:
 {¶ 14} "(D) To whom both of the following apply:
 {¶ 15} "(1) The child is residing in a household in which a parent, guardian, custodian, or other member of the household committed an act that was the basis for an adjudication that a sibling of the child or any other child who resides in the household is an abused, neglected, or dependent child.
 {¶ 16} "(2) Because of the circumstances surrounding the abuse, neglect, or dependency of the sibling or other child and the other conditions in the household of the child, the child is in danger of being abused or neglected by that parent, guardian, custodian, or member of the household."
 {¶ 17} A finding of dependency must be supported by clear and convincing evidence. R.C. 2151.35(A). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 18} Appellee filed for temporary custody of Lindsay immediately after her birth, alleging her to be a dependent child based upon two issues:
 {¶ 19} "(1) the child is residing in a household in which a parent, guardian, custodian, or other member of the household committed an act that was the basis for an adjudication that a sibling fo (sic) the child or any other child who resides in the household is an abused, neglected or dependent child, AND
 {¶ 20} "(2) because of the circumstances surrounding the abuse, neglect or dependency of the sibling or other child and other conditions in the household or the child, the child is in danger of being abused or neglected by that parent, guardian, custodian, or member of the household." See, Complaint filed August 26, 2004.
 {¶ 21} After hearings and objections, the trial court approved and adopted the magistrate's recommendations based upon the following findings:
 {¶ 22} "Bs (sic) Bertini indicated throughout the companion case to date, Paula Colberg and Hans Hortsmann have never recognized or acknowledged that Scott McCallum was determined to be an abused child due to Paula Colberg's treatment of the child. To date, Paula Colberg does not yet have even supervised visitation with Scott McCallum as his counselors have not been able to recommend it be initiated. Paula Colberg and Hans Hortsmann have supervised visits only with Tabbetha McCallum and Ashley Hortsmann.
 {¶ 23} "Beth Bertini indicated she has grave concerns for the safety of the children with Paula Colberg and Hans Hortsmann. Beth Bertini stated she feels many of the case plan services completed by Paula Colberg and Hans Hortsmann are not accurate as the self-reported information provided by Paula Colberg and relied on by service providers was clearly inaccurate. Ms. Bertini feels the same dangers and risks exist for minor children in the case of Paula Colberg and Hans Hortsmann now as prior to initiation of case plan services.
 {¶ 24} "Beth Bertini testified relative placement is not currently available for Lindsay Hortsmann." Magistrate's Decision filed December 3, 2004 at Findings of Fact Nos. 5, 6 and 7.
 {¶ 25} Appellant argues the trial court's determination in the case sub judice is based upon events which occurred in Texas and Oklahoma involving a half sibling therefore, the trial court was without jurisdiction to enter a determination on Lindsay. Although Lindsay was born in a Stark County hospital and immediately removed from the hospital by appellee, there was undisputed testimony that Lindsay would have resided in the family home in Tuscarawas County once she was released from the hospital. T. at 4-6. The trial court had jurisdiction to hear the matter involving Lindsay.
 {¶ 26} The gravamen of this assignment of error is whether the use of a previous abuse determination by the same court in a case involving a half sibling is sufficient to support the removal of this child.
 {¶ 27} Beth Bertini, the caseworker who had been involved with the family, testified to a previous determination of abuse of Lindsay's half sibling, Scott McCallum, based upon the diagnosis of Munchausen Syndrome by Proxy perpetuated by Ms. Colberg, and the previous determinations of dependency of two other siblings. T. at 3-4. It was these cases that caused Ms. Bertini to opine there was a safety issue involving Lindsay. T. at 4-5. Ms. Bertini also testified the parents appear to be unable to recognize the concerns involved. T. at 5, 7, 24. Other concerns involved the abandonment of the children in the home for seven to eight hours, no food in the house, taking the children to doctors for no reason and unnecessary surgery. T. at 29, 82. Upon cross-examination, Ms. Bertini testified other children can be affected by a parent having Munchausen by Proxy. T. at 86, 93-94.
 {¶ 28} Appellant's attorney argued a psychologist, Rajendra Misra, Ph.D., found that Ms. Colberg did not have Munchausen by Proxy. T. at 35-36. This opinion contradicts a prior finding of the trial court and as opined by Ms. Bertini, was based on inaccurate information. T. at 35, 38-39. In Dr. Misra's opinion, Ms. Colberg "may be able to provide adequate care for her children." See, Exhibit Mother's C. This opinion contradicts the direct evidence of Ms. Colberg's abuse of Scott.
 {¶ 29} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v.Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 30} Although no judicial notice of the prior case was attempted, we find the direct evidence established the prior adjudications of abuse and dependency and established reasons for continued concerns given the reports of the other children. T. at 3-6.
 {¶ 31} Upon review, we find clear and convincing evidence of a prior adjudication of abuse in the home, and clear and convincing evidence of a continued threat to Lindsay's safety in the home.
 {¶ 32} Assignments of Error I, II, III, IV, VII and IX are denied.
 V {¶ 33} Appellant claims the trial court's determination is "inherently flawed in that the trial court erred in determining the minor child (Scott) was suffering from Munchausen Syndrome by Proxy." We disagree.
 {¶ 34} In a separate case, 03JN00432, Lindsay's half sibling, Scott, was found to be an abused child due to a condition known as Munchausen Syndrome by Proxy perpetuated by Ms. Colberg. This determination of abuse was never appealed.
 {¶ 35} As stated supra, Ms. Bertini testified to this prior finding of abuse. Appellant complains findings made by the magistrate and approved and adopted by the trial court indicate they were confused as to who suffered from the syndrome, Ms. Colberg or Scott and therefore, "the Court lost its way in this matter." Appellant's Brief at 9.
 {¶ 36} The trial court had before it a final determination of abuse involving Scott. This finding of abuse was premised on the condition known as Munchausen Syndrome by Proxy. Whether the medical diagnosis of having this syndrome is properly placed on the victim, Scott, or the perpetrator, Ms. Colberg, is not the issue in Lindsay's case. What is relevant is a final determination of abuse of a half sibling caused by the actions of the mother of which appellant "does not see the problem with regards to Paula," the problem being "Munchausen by Proxy." T. at 8.
 {¶ 37} Assignment of Error V is denied.
 VI {¶ 38} Appellant claims the trial court erred in relying upon "non evidentiary materials." We disagree.
 {¶ 39} Appellant argues evidence of the prior case involving Scott was not properly presented to the trial court. As noted supra, although judicial notice was never attempted, direct evidence established the prior adjudications of abuse and dependency. T. at 3-6.
 {¶ 40} Appellant also points out appellant's address was listed as "612 Karen Avenue" when only "Karen Avenue" was testified to. See, Magistrate's Decision filed November 4, 2004 at Finding of Fact No. 5; T. at 4. Therefore, appellant argues the trial court went outside the evidence and the testimony which is impermissible. The address is clearly listed on the clerk's docket sheet which is part of the trial court's record. Further, the inclusion of the house numbers has no bearing on the outcome of the case.
 {¶ 41} Appellant complains of language used by the magistrate in her November 4, 2004 decision on page 5 wherein she indicates "Scott McCallum continues to display extreme emotional problems as the result of residingin the household with Paula Colberg and Hans Horstman (sic)." (Emphasissic.) Appellant's Brief at 11. Appellant argues "[a]t no time in any of the testimony provided to the Court was this issue brought forth in this manner." Id. A careful reading of page 5 indicates the magistrate was concerned that the basis of the abuse determination, Munchausen Syndrome by Proxy, would continue to exist in the home. The magistrate indicated she was "more concerned that Paula Colberg and Hans Horstmann recognize that a child residing in their household was abused because of the treatment the child received in the household. Neither Colberg nor Horstmann has ever acknowledged that." No where on the page is a discussion of Scott's continued extreme emotional problems as a result of living in the family home.
 {¶ 42} Assignment of Error VI is denied.
 VIII {¶ 43} Appellant claims the magistrate and trial court erred in finding the case plan "adopted by the Court addresses the concerns which resulted in the removal of the child." Appellant claims the case plan failed to include appellant or Lindsay.
 {¶ 44} Pursuant to R.C. 2151.412(F)(1)(b), a general goal of all case plans for children in temporary custody is "[t]o eliminate with all due speed the need for the outof-home placement so that the child can safely return home."
 {¶ 45} A case plan for Lindsay was filed which "was pretty much the same case plan that was in the other case." T. at 65. The objectives in the case plan addressed Ms. Colberg and Scott. Id. Appellant was not included in this case plan and Ms. Bertini stated an amended case plan would be filed concerning appellant. T. at 54, 68.
 {¶ 46} A case plan including appellant was filed in the prior case involving Scott and the two other children. T. at 5, 69. Ms. Bertini testified appellant substantially complied with the case plan and participated in the required services "but he's been unable to recognize what the problem is to be able to correct that," that problem being "Munchausen by Proxy and the safety of the children." T. at 7, 69. While appellant does not have a problem with the syndrome, "he does not see the problem with regards to Paula." T. at 8, 83. When questioned about what would be added to the case plan with respect to appellant, Ms. Bertini stated "I'm at odds of what else to put on the case plan to alleviate the concerns." T. at 65, 76-77.
 {¶ 47} As indicated supra, Lindsay would have resided in the family home and could have been at risk. Although appellant was not included in Lindsay's case plan, he was included in the case plan in the prior case which was essentially the same plan. Although he completed the case plan's objectives, he refused to acknowledge the problem which precluded Lindsay's safe return to the home.
 {¶ 48} Assignment of Error VIII is denied.
 {¶ 49} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Court Division is hereby affirmed.
Farmer, J., Hoffman, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Court Division is affirmed.