JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Michael Skipworth ("defendant") appeals the trial court's judgment that denied his motion to vacate and set aside his sentence. For the reasons that follow, we affirm.
 {¶ 2} The trial court sentenced defendant to a twenty-two year prison term on October 26, 2001.[1] Defendant filed an appeal, which was dismissed pursuant to App.R 4(A). State v. Skipworth (Jan. 30, 2002), Cuyahoga App. No. 80662. In July 2003, defendant filed a motion to vacate and set aside his sentence. The court denied that motion on March 9, 2004, which forms the basis of this appeal. Defendant raises three assignments of error, which are attached as Appendix A. We, however, do not reach the merits of defendant's claims because the motion was untimely and properly denied by the trial court.
 {¶ 3} R.C. 2953.21 governs petitions for postconviction relief of persons claiming the judgments of their convictions are void or voidable under the law. The time frame for filing a postconviction relief petition is established by R.C. 2953.21(A)(2) and 2953.23. In this case, defendant's petition for postconviction relief is untimely since it was filed more than a year and a half after his sentence. Although R.C.2953.23(A)(1) creates certain exceptions to the time limit, these do not apply in this case. Accordingly, the trial court did not err in denying defendant's motion to vacate and set aside his sentence.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., and Corrigan, J., Concur.
 APPENDIX
"I. Appellant was denied the constitutional rights to a direct appeal of his consecutive sentences when the trial court failed to advise him of his right to appeal those sentences, Ohio Revised Code 2953.08(A)(1)(b), Article One Sections Ten and Sixteen of the Ohio Constitution, ArticleFour Section Three of the Ohio Constitution, Fifth, Sixth andFourteenth Amendments of the United States Constitution, Ohio Criminal Rule 32(B).
"II. The trial court erred by imposing consecutive sentences without following the statutory requirements of Ohio Revised Code 2929.19(B)(2)(c), therefore making those consecutive sentences invalid and incomplete,Fourteenth Amendment of the United States Constitution.
"III. The trial court erred when it imposed consecutive sentences without first determining if those offenses are allied offenses of similar import as required under Ohio Revised Code 2941.25(A)."
[1] On November 27, 2001, the trial court docketed a second sentencing journal entry that was the same as the October 26, 2001 entry except for adding a provision for 26 days of jail time credit.