JOURNAL ENTRY and OPINION
{¶ 1} Petitioner-appellant Carlton Logan appeals from the common pleas court's denial of his second petition to vacate the sentences imposed upon him. He contends that the sentences were excessive and void.
 {¶ 2} Appellant was charged in a sixteen count indictment filed October 18, 1991, with four counts of aggravated robbery, six counts of rape, and one count each of felonious assault, kidnapping, having a weapon while under disability, disrupting public service, failure to comply, and felonious sexual penetration. All of the charges carried gun specifications. The state dismissed two of the aggravated robbery counts; appellant was found guilty of the remaining charges.
 {¶ 3} Appellant was sentenced to fifteen to twenty-five years on each of the aggravated robbery charges (counts 1 and 2) and four to ten years on the charge of disrupting public service (count 8), all of these sentences to run concurrent to one another but consecutive to the other counts. In addition, he was to serve three years' actual incarceration on the gun specification, prior and consecutive to the fifteen to twenty year sentence. Appellant was sentenced to five to twelve years on the felonious assault charge (count 5), consecutive to the other counts, plus three years' actual incarceration for the gun specification to be served prior and consecutive to the sentence. He was sentenced to fifteen to twenty-five years on the kidnapping charge (count 6), consecutive to the other counts, plus three years' actual incarceration for the gun specification to be served prior and consecutive to the sentence. He was sentenced to three to five years on the charge of having a weapon while under disability (count 7), to run consecutive to the other counts, plus three years actual incarceration for the gun specification to be served prior and consecutive to the sentence.
 {¶ 4} Appellant was also sentenced to fifteen to twenty-five years imprisonment on three of the rape charges (counts 9, 10, and 11), to run concurrent to one another but consecutive to the other counts, plus three years actual incarceration for the gun specification to be served prior and consecutive to the sentence. Concurrent sentences of fifteen to twenty five years imprisonment were also imposed for each of the three remaining rape charges and the felonious sexual penetration charge (counts 12, 13, 14, and 16), plus three years actual incarceration for the gun specification to be served prior and consecutive to the sentence. Finally, appellant was sentenced to three to five years on the failure to comply charge, to run consecutive to the other counts, plus three years actual incarceration for the gun specification to be served prior and consecutive to the sentence.
 {¶ 5} Appellant appealed his conviction to this court, claiming that his convictions were against the manifest weight of the evidence, that he was deprived of a fair trial by prosecutorial misconduct, that he was denied his right to a speedy trial, and that his motion to suppress identification testimony was improperly denied. This court affirmed appellant's convictions.
 {¶ 6} On October 1, 1996, appellant filed a petition to vacate the judgment and sentence. This petition was denied as untimely on May 21, 1997. Appellant subsequently sought to reopen the petition to vacate and his direct appeal, but these motions were denied.
 {¶ 7} On July 22, 2004, appellant filed the instant motion to vacate and modify his sentence. The common pleas court denied this motion without opinion.
 {¶ 8} Appellant's second petition for post-conviction relief is no more timely than his first one. Under R.C. 2953.23(A),
 {¶ 9} "* * * a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of [R.C.2953.21] or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
 {¶ 10} "(1) Both of the following apply:
 {¶ 11} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 12} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 13} "(2) The petitioner was convicted of a felony, the petitioner is an inmate for whom DNA testing was performed * * *, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death."
 {¶ 14} This case does not involve DNA testing, so subsection (A)(2) is clearly inapplicable. Subsection (A)(1) is also inapplicable. Subsection (A)(1) does not allow for an untimely post-conviction challenge to any sentence but a death sentence. Therefore, the petition for post-conviction relief was properly denied. State v. Graber, Stark App. No. 2004CA00344, 2005-Ohio-2314, ¶ 16; State v. Barkley, Summit App. No. 22351, 2005-Ohio-1268, ¶ 11; State v. Skipworth, Cuyahoga App. No. 84450, 2005-Ohio-882, ¶ 3.
Affirmed.
It is ordered that appellant recover of appellee its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J. and Sweeney, J. Concur.