DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Ruben Barkley, has appealed from a decision of the Summit County Court of Common Pleas dismissing his petition for post-conviction relief. This Court affirms.
 I. {¶ 2} On March 30, 2000, Appellant was indicted on one count of aggravated robbery, in violation of R.C. 2911.01(A)(1), and one count of abduction, in violation of R.C. 2905.02(A)(2). On August 17, 2000, the State filed a supplemental indictment, adding firearm and repeat violent offender specifications to each count. Following a bench trial, Appellant was found guilty of both counts and each of the specifications attached to those counts.
 {¶ 3} Appellant timely appealed his convictions. This Court reversed his conviction for aggravated robbery and the repeat violent offender specification on the charge of abduction. On remand, the trial court dismissed the charge of aggravated robbery. The trial court also resentenced Appellant, imposing a three-year sentence for the charge of abduction and an additional three-year sentence for the firearm specification attached to that charge. The court ordered that the sentences be served consecutively. Although Appellant's counsel reserved the right to appeal the sentencing, Appellant did not do so.
 {¶ 4} On July 27, 2004, Appellant filed a petition for post-conviction relief. In that petition, Appellant argued that his three-year sentence for abduction is unconstitutional under Blakely v. Washington (2004),124 S.Ct. 2531. Appellant maintained that, at the most, the court was authorized to impose only the minimum sentence of one year for his abduction conviction. The trial court dismissed Appellant's petition on December 28, 2004. Appellant timely appealed, raising one assignment of error.
 II. Assignment of Error
"[Appellant] was denied due process of law when the court failed to apply the pronouncement in Blakely v. Washington [(2004),] 124 Sect. 2531[.]"
 {¶ 5} In his sole assignment of error, Appellant maintains that the trial court erred by dismissing his petition for post-conviction relief. We disagree.
 {¶ 6} The decision to grant or deny a petition for post-conviction relief is committed to the discretion of the trial court. State v.Glynn, 9th Dist. No. 02CA0090-M, 2003-Ohio-1799, at ¶ 4. Therefore, this Court will not disturb the decision of a trial court regarding a petition for post-conviction relief absent an abuse of discretion. Id. An abuse of discretion is more than an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. It arises where the trial court's attitude was unreasonable, arbitrary, or unconscionable. Id.
 {¶ 7} R.C. 2953.21 sets forth the statutory framework governing post-convictionrelief, and imposes time limits for the filing of petitions seeking such relief. Specifically, R.C. 2953.21(A)(2) provides that:
"[A] petition [for post-conviction relief] shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction[.] * * * If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of time for filing the appeal."
 {¶ 8} Appellant was resentenced on June 29, 2001. He had until July 29, 2001 to file his direct appeal, which he did not do. Therefore, Appellant had until January 25, 2002, which was one hundred and eighty days after the July 29, 2001 deadline, to file his petition for post-conviction relief. Appellant did not file his petition until July 27, 2004, well beyond the time limit provided by R.C. 2953.21(A)(2).
 {¶ 9} Because Appellant's petition was filed after the applicable deadline, the trial court was without jurisdiction to consider the petition unless Appellant demonstrated that he met the requirements of R.C. 2953.23(A). Glynn, at ¶ 7. In pertinent part, R.C. 2953.23(A) provides that a court may entertain a petition filed after the deadline provided by R.C. 2953.21 if both of the following apply:
"(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of [R.C. 2953.21] or the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
"(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence." R.C.2953.23(A)(1).
 {¶ 10} Appellant maintains that he has met the requirements of R.C.2953.23(A)(1)(a). Specifically, Appellant argues that in Blakely v.Washington, which was released after his deadline for filing a petition for post-conviction relief had passed, the United States Supreme Court recognized a new federal right that applies retroactively to persons in Appellant's situation. We do not reach this argument, however, because Appellant has failed to demonstrate that he met the requirements of R.C.2953.23(A)(1)(b).
 {¶ 11} In his petition for post-conviction relief, Appellant challenged only the validity of his sentence. The plain language of R.C.2953.23(A)(1)(b) does not extend to sentencing errors, except for those occurring within the capital punishment context. Because Appellant failed to establish that he met the requirements of R.C. 2953.23(A)(1)(b), the trial court was without jurisdiction to consider his untimely petition for post-conviction relief, and properly dismissed that petition.
 {¶ 12} Appellant's assignment of error is overruled.
 III. {¶ 13} Appellant's assignment of error is overruled. The decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J. Whitmore, J. Concur.