DECISION.
{¶ 1} Petitioner-appellant Matthew Connors appeals the judgment of the common pleas court dismissing his postconviction petition. For the reasons that follow, we affirm the judgment of the court below.
 {¶ 2} Connors was convicted in April of 1997 of felonious assault, aggravated riot, and inducing panic. The trial court sentenced him to the maximum authorized prison terms for felonious assault and inducing panic and to what the court mistakenly believed to be the maximum term for aggravad riot. The court further ordered that the terms be served consecutively. Connors appealed.
 {¶ 3} On appeal, we overruled Connors's challenges to the findings supporting the maximum and consecutive sentences. But we concluded that the trial court had "err[ed] by misconstruing the maximum prison term for aggravated riot." We, therefore, vacated the five-year prison term for aggravated riot, imposed instead the maximum term of eighteen months, and affirmed the judgment as "modif[ied]."[1] Connors took no further appeal.
 {¶ 4} In September of 2004, Connors filed a petition for postconviction relief pursuant to R.C. 2953.21 et seq. The common pleas court concluded that Connors had failed to satisfy the time strictures of R.C. 2953.21 and the jurisdictional requirements of R.C. 2953.23. On that basis, the court dismissed the petition, and this appeal followed.
 {¶ 5} Connors presents on appeal two assignments of error. The assignments of error, when considered together and reduced to their essence, challenge the common pleas court's dismissal of Connors's petition and the court's failure to issue findings of fact and conclusions of law. These challenges are untenable.
 {¶ 6} R.C 2953.21(A)(1) requires a postconviction petitioner to demonstrate a denial or infringement of his rights in the proceedings resulting in his conviction that have rendered the conviction void or voidable under the Ohio Constitution or the United States Constitution. In advancing such a claim, the petitioner bears the initial burden of demonstrating, through the petition, the supporting affidavits, and the files and records of the case, "substantive grounds for relief."[2] A postconviction claim is subject to dismissal without a hearing if the petitioner has failed to submit with his petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief.[3]
 {¶ 7} R.C. 2953.21(G) requires the common pleas court to journalize findings of fact and conclusions of law when it denies a petition for postconviction relief. But the court's disposition of a tardy petition need not include findings of fact and conclusions of law if the court is without jurisdiction to address the petition.[4]
 {¶ 8} Connors, in his petition, contended that the trial court had denied him his constitutional rights to due process and a jury trial, when it imposed greater-than-theminimum, maximum, and consecutive prison terms based upon its own determination, rather than a jury's determination, of the "enhanc[ing]" felony-sentencing findings. In support of this contention, he cited the United States Supreme Court's 2000 decision in Apprendi v. New Jersey[5] and its 2004 decision inBlakely v. Washington.[6]
 {¶ 9} In Apprendi, the Court held that the right to a jury trial guaranteed under the Sixth Amendment to the United States Constitution required that the state submit to a jury and prove beyond a reasonable doubt any fact (other than the fact of a prior conviction) that increases the penalty for a crime beyond the "prescribed statutory maximum."[7]
Four years later, the Court in Blakely held that "the `statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solelyon the basis of the facts reflected in the jury verdict or admitted bythe defendant."[8] Seven months later, in United States v. Booker, the Court "reaffirm[ed] [its] holding in Apprendi," holding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."[9]
 {¶ 10} The Court's decision in Booker prompted this court to revisit earlier decisions in which we had held that Apprendi and its progeny did not apply to Ohio's sentencing scheme.[10] Thus, in this district, in the wake of Booker, the Sixth Amendment jury-trial right is not implicated by the imposition of consecutive terms of imprisonment.[11]
But a trial court may not, consistent with the Sixth Amendment, impose a sentence exceeding the maximum term authorized by the facts admitted by the offender or proved to a jury beyond a reasonable doubt,[12] except when it bases its finding that the offender poses the "greatest likelihood of future crime" upon the offender's history of prior convictions.[13] Nor may a court sentence an offender who has not previously served a prison term to a term of confinement in excess of the minimum prison term authorized for the offense,[14] except when it bases its finding that the minimum term "will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others" upon the offender's history of criminal convictions.[15]
 {¶ 11} In so holding, we applied the rule of Apprendi to cases on direct appeal.[16] But the Supreme Court issued its June 2004 decision in Blakely and its January 2005 decision in Booker well after the time had elapsed for Connors to pursue the matter on direct appeal from his 1997 convictions.[17] Moreover, R.C. 2953.21(A)(2) requires that a postconviction petition be filed "no later than one hundred eighty days after the date on which the trial transcript [was] filed in the court of appeals in the direct appeal of the judgment of conviction." The transcript of the proceedings at Connors's trial was filed in February of 1998, and Connors filed his petition in September of 2004. Thus, the Court issued the Blakely and Booker decisions, and Connors filed his petition, well after the expiration of the time afforded under R.C.2953.21(A)(2) to mount a collateral attack upon his judgment of conviction through a postconviction petition.[18]
 {¶ 12} R.C. 2953.23 closely circumscribes the jurisdiction of a common pleas court to entertain a tardy postconviction petition. The petitioner must show either that he was unavoidably prevented from discovering the facts upon which his petition depends, or that he is basing his claim upon a new and retrospectively applicable federal or state right recognized by the United States Supreme Court since the expiration of the time prescribed in R.C. 2953.21(A)(2). And he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted * * *."[19]
 {¶ 13} This court has yet to address the issue of whether the Court established in Blakely a new and retrospectively applicable right.[20]
And we do not reach the issue here.
 {¶ 14} R.C. 2953.23(A)(1) permits a common pleas court to entertain a tardy postconviction challenge to a death sentence, if the petitioner, by clear and convincing evidence shows that, "but for constitutional error at the sentencing hearing, no reasonable factfinder would have found [him] eligible for the death sentence." But the statute requires a tardynoncapital petitioner to demonstrate that "but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted." Thus, the statute, by its terms, precludes a common pleas court from entertaining a tardy postconviction challenge to a sentence presented by a noncapital petitioner. Accordingly, we hold that the common pleas court properly declined to entertain Connors's postconviction challenges to his sentences.[21]
 {¶ 15} Our conclusion here, that the common pleas court had no jurisdiction to entertain Connors's tardy petition, also compels the conclusion that the court had no obligation to journalize findings of fact and conclusions of law.[22]
 {¶ 16} Thus, finding no merit to any aspect of the assignments of error presented on appeal, we affirm the judgment of the common pleas court.
Judgment affirmed.
Doan, P.J., Hildebrandt and Hendon, JJ.
[1] State v. Connors (Aug. 28, 1998), 1st Dist. No. C-970407. We note that R.C. 2953.08(G) permits an appellate court to "increase, reduce, or otherwise modify a sentence * * * or [to] vacate the sentence and remand the matter to the sentencing court for resentencing." In Connors's direct appeal from his judgment of conviction, we elected to impose the modified sentence for aggravated riot, rather than remand the matter to the trial court for resentencing. Nevertheless, in March of 2000, the common pleas court, acting without the jurisdiction that a remand would have conferred, "re-sentence[d]" Connors by "reducing" his sentence for aggravated riot to eighteen months. By this judgment entry, the trial court duplicated our modification of the sentence without the jurisdiction to do so. Thus, the March 2000 entry constituted a legal nullity.
[2] R.C. 2953.21(C).
[3] See id.; State v. Pankey (1981), 68 Ohio St.2d 58, 428 N.E.2d 413;State v. Jackson (1980), 64 Ohio St.2d 107, 413 N.E.2d 819.
[4] See State ex rel. Carroll v. Corrigan, 84 Ohio St.3d 529,1999-Ohio-367, 705 N.E.2d 1330; State v. Byrd (2001), 145 Ohio St.3d 318,762 N.E.2d 1043.
[5] (2000), 530 U.S. 466, 120 S.Ct. 2348.
[6] (2004), 542 U.S. ___, 124 S.Ct. 2531.
[7] Apprendi v. New Jersey, 530 U.S. at 490, 120 S.Ct. 2348.
[8] Blakely v. Washington, 542 U.S. at ___, 120 S.Ct. at 2537 (emphasis in original).
[9] (2005), ___ U.S. ___, ___, 125 S. Ct. 738, 756.
[10] See, e.g., State v. Eckstein, 1st Dist. No. C-030139,2004-Ohio-5059; State v. Bell, 1st Dist. No. C-030726, 2004-Ohio-3621.
[11] State v. Montgomery, 1st Dist. No. C-040190, 2005-Ohio-1018.
[12] State v. Bruce, 1st Dist. No. C-040421, 2005-Ohio-373.
[13] State v. Lowery, 1st Dist. No. C-040157, 2005-Ohio-1181.
[14] State v. Montgomery, supra.
[15] State v. McIntosh, 1st Dist. No. C-040280, 2005-Ohio-1760.
[16] See State v. Lowery, supra, at ¶ 41; State v. Bruce, supra, at ¶ 9 (quoting United States v. Booker, ___ U.S. at ___, 125 S.Ct. at 25, to the effect that the holdings of Apprendi, Blakely, and Booker apply to "all cases on direct review or not yet final").
[17] Connors appealed his April 1997 conviction to this court within the thirty days provided under App.R. 4(A). He did not appeal this court's August 1998 decision to the supreme court within the forty-five days provided under S.Ct.Prac.R. II, § 2(A)(1)(a). And, as we noted supra, the trial court acted without jurisdiction when, in March of 2000, it "resentenc[ed]" Connors for aggravated riot. Thus, the March 2000 judgment did not give rise to a new right of appeal.
[18] Again, the trial court's March 2000 judgment did not extend the time for filing a postconviction petition.
[19] R.C. 2953.23(A)(1).
[20] See State v. Crawford, 1st Dist. No. C-030540, 2004-Ohio-4505 (in which we declined to address, upon the appellant's App.R. 26 application for reconsideration, the issue of whether Blakely applied retrospectively to an appeal submitted two days before Blakely was released).
[21] Accord State v. Barkley, 9th Dist. No. 22351, 2005-Ohio-1268.
[22] See State ex rel. Carroll v. Corrigan, supra; State v. Byrd,
supra.