JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Petitioner-appellant Mauhrece Riley presents on appeal two assignments of error in which he challenges the common pleas court's dismissal of his postconviction petition without a hearing and without findings of fact and conclusions of law. We affirm.
Riley was convicted in March of 2001 of kidnapping and having a weapon under a disability. He appealed. We affirmed the judgment of conviction, see State v. Riley, 1st Dist. No. C-010221, 2001-Ohio-4029, and the Ohio Supreme Court dismissed his appeal from our decision. See State v. Riley
(2002), 94 Ohio St.3d 1507, 764 N.E.2d 1037.
In September of 2004, Riley filed a petition for postconviction relief pursuant to R.C. 2953.21 et seq. In his petition, he cited the United States Supreme Court's 2004 decision in Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, in support of his contention that the trial court, by sentencing him to consecutive prison terms, had denied him the right to a jury trial guaranteed under the Sixth Amendment to the United States Constitution. The common pleas court dismissed the petition, and this appeal followed.
We overrule Riley's assignments of error upon our determination that the common pleas court properly declined to entertain his postconviction petition. Riley filed his petition well after the expiration of the time afforded under R.C. 2953.21(A)(2) to mount a collateral attack upon his judgment of conviction. And R.C. 2953.23 precluded the common pleas court from entertaining his tardy postconviction challenge to his sentence, because Riley did not, as he could not, demonstrate that "but for [the alleged Sixth Amendment violation], no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted." R.C.2953.23(A)(1)(b); see State v. Connors, 1st Dist. No. C-040677, 2005-Ohio-2644 (holding that R.C. 2953.23 precludes a common pleas court from entertaining a Blakely challenge to a sentence presented in a tardy postconviction petition by a noncapital petitioner).
Because Riley failed to satisfy the time strictures of R.C. 2953.21 and the jurisdictional requirements of R.C. 2953.23, the common pleas court had no jurisdiction to entertain his tardy postconviction petition. And because it had no jurisdiction to entertain the petition, the court had no obligation to conduct a hearing, see R.C. 2953.21(E), or to journalize findings of fact and conclusions of law. See State ex rel. Carroll v.Corrigan, 84 Ohio St.3d 529, 1999-Ohio-367, 705 N.E.2d 1330; State v.Byrd (2001), 145 Ohio St.3d 318, 762 N.E.2d 1043.
We, therefore, affirm the judgment of the common pleas court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Sundermann, JJ.