OPINION
{¶ 1} Petitioner-appellant, Gregory R. Schroyer, appeals the decision of the Clermont County Court of Common Pleas, denying his petition for postconviction relief. We affirm the decision of the trial court.
 {¶ 2} On February 25, 1998, a Clermont County Grand Jury returned a four count indictment against appellant. Count 1 charged appellant with aggravated burglary in violation of R.C.2911.11(A)(1). Count 2 charged appellant with rape under R.C.2907.02(A)(2), and included a sexually-violent predator specification under R.C. 2941.148. Count 3 alleged kidnapping under R.C. 2905.01(A)(4), and count four charged appellant with attempted burglary in violation of R.C. 2923.02(A) and R.C.2911.12(A)(2).
 {¶ 3} Appellant retained counsel, and on November 4, 1998, entered a plea. In exchange for the dismissal of the specifications in Counts 2 and 3, appellant pled guilty to all four charges. On February 2, 1999, the trial court sentenced appellant to nine years imprisonment for Counts 1 and 2, to be served consecutively. The court merged Count 3 with Count 2, and on Count 4, sentenced appellant to four years, to be served consecutive to Counts 1 and 2.
 {¶ 4} On August 23, 2004, more than five years later, appellant filed a motion to file a delayed appeal in this court. On September 30, 2004, this court denied the motion. See Statev. Schroyer (Sept. 30, 2004), Clermont App. No. CA 2004-08-064. On March 17, 2005, appellant filed a petition for postconviction relief pursuant to R.C. 2953.21. Without holding a hearing on the petition, the trial court entered a decision denying appellant's petition on April 19, 2005. The instant appeal followed, in which appellant raises three assignments of error:
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "IN SUMMARILY DISMISSING THE PETITION FOR POSTCONVICTION RELIEF WITHOUT ORDERING AN EVIDENTIARY HEARING THE TRIAL COURT DEPRIVED PETITIONER OF HIS ABSOLUTE RIGHT TO DUE PROCESS OF LAW ARTICLE 1 SECTION 16 OHIO CONSTITUTION AND14TH AMENDMENT OF THE UNITED STATES CONSTITUTION."
 {¶ 7} Assignment of Error No. 2:
 {¶ 8} "THE TRIAL COURT ABUSED IT'S [SIC] DISCRETION AND COMMITTED PREJUDICIAL ERROR WHEN IT DENIED THE POSTCONVICTION PETITION AND FAILED TO PROCEED TO AN EVIDENTIARY HEARING ON THE ISSUES AND MERITS OF THE CLAIM."
 {¶ 9} Assignment of Error No. 3:
 {¶ 10} "THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR IN HOLDING THAT THE U.S. SUPREME COURT'S DECISION IN APPRENDI V. NEW JERSEY AND BLAKELY V. WASHINGTON DO NOT APPLY TO OHIO [SIC] SENTENCING SCHEME."
 {¶ 11} The issues appellant presents for review under his three assignments of error commingle, and do not always correspond to their assigned headings. Additionally, many of the issues appellant raises under the first assignment of error are argued again under the second and third assignments of error, and some issues, while mentioned in one part of the brief, are argued in another. Thus, for clarity and ease of analysis, we will consider all three assignments of error together.
 {¶ 12} The decision to grant or deny a petition for postconviction relief is committed to the discretion of the trial court. State v. Watson (1998), 126 Ohio App.3d 316, 324, appeal dismissed, 82 Ohio St.3d 1413; State v. Glynn, Medina App. No. 02CA0090-M, 2003-Ohio-1799, ¶ 4. Consequently, this court will not disturb the decision of a trial court regarding a petition for postconviction relief absent an abuse of discretion. An abuse of discretion is more than an error of law or judgment. State v.Hancock, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 129. It arises where the trial court's attitude is "unreasonable, arbitrary, or unconscionable." Id. at ¶ 130, citing State v. Adams (1980),62 Ohio St.2d 151, 157.
 {¶ 13} R.C. 2953.21 sets forth the statutory framework governing postconviction relief, and imposes time limits for the filing of petitions seeking such relief. Specifically, R.C.2953.21(A)(2) provides that:
 {¶ 14} "[A] petition [for post-conviction relief] shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction[.] * * * If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of time for filing the appeal."
 {¶ 15} Appellant's petition for postconviction relief was filed five years after his conviction, well beyond the statutory time limit. Because the petition was filed after the applicable deadline, the trial court was without jurisdiction to consider the petition unless appellant demonstrated that he met the jurisdictional requirements of R.C. 2953.23(A). See State v.Wesseler, Butler App. No. CA2001-08-087, 2001-Ohio-8638; Statev. Hill (1998), 129 Ohio App.3d 658, appeal not allowed,84 Ohio St.3d 1470, 1999-Ohio-1014. In pertinent part, R.C. 2953.23(A)(1) provides that a court may entertain a petition filed after the deadline provided by R.C. 2953.21 if both of the following apply:
 {¶ 16} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of [R.C.2953.21] or the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 17} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 18} Appellant's petition for postconviction relief fails to satisfy the jurisdictional requirements of R.C. 2953.23(A)(1).
 {¶ 19} Appellant raised two issues in his petition. First, he alleged that his trial counsel's performance at the sexual predator hearing was deficient. Appellant claims that counsel was ineffective because she admitted to the trial court that a psychologist, hired by the defense, concluded that appellant was a sexual predator.
 {¶ 20} When, as in the instant case, a claim of ineffective assistance of counsel is based solely upon evidence in the record, such a claim could have been raised upon direct appeal and is subsequently barred by res judicata in a postconviction relief proceeding. See State v. Reynolds, 79 Ohio St.3d 158,161, 1997-Ohio-304 ("pursuant to res judicata, a defendant cannot raise an issue in a [petition] for post conviction relief if he or she could have raised the issue on direct appeal"); State v.Smith (1997), 125 Ohio App.3d 348; State v. Lentz,70 Ohio St.3d 527, 1994-Ohio-532. Consequently, appellant's contention that the trial court erred in ruling on his claim of ineffective assistance of counsel without first granting a hearing is without merit.
 {¶ 21} Second, appellant contends that the trial court imposed sentence upon him in violation of his constitutional rights. The essence of appellant's argument is that, in accordance with Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, a jury rather than the trial court should have decided his punishment. Appellant maintains that he has met the jurisdictional requirements of R.C. 2953.23(A)(1)(a) because theBlakely decision, released after his deadline for filing a petition for postconviction relief had passed, recognized a new federal right that applies retroactively to persons in his situation.
 {¶ 22} We note that the Supreme Court of Ohio's recent decision in State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, found that the Blakely decision impacts Ohio's sentencing scheme, and found unconstitutional parts of the sentencing scheme under which appellant was sentenced. However, under our scope of review in this appeal (i.e., denial of appellant's postconviction relief petition), we are unable to reach the Blakely issue since appellant has failed to demonstrate that he has met the jurisdictional requirements of R.C. 2953.23(A)(1)(b).
 {¶ 23} The plain language of R.C. 2953.23(A)(1)(b) extends only to trial error and does not extend to sentencing errors, except for those occurring within the capital punishment context. See State v. Barkley, Summit App. No. 22351, 2005-Ohio-2168. Because appellant failed to establish that he met the requirements of R.C. 2953.23(A)(1)(b), the trial court was without jurisdiction to consider his untimely petition for postconviction relief, and properly dismissed the petition. See id.; State v. Conners, Hamilton App. No. C-040677,2005-Ohio-2644 (trial court lacked jurisdiction to consider challenges to sentences under Blakely in postconviction relief proceeding that was untimely filed); State v. Logan, Cuyahoga App. No. 85313, 2005-Ohio-3712 (defendant was not entitled to file an out-of-time postconviction relief petition that sought to vacate and modify his sentence); State v. Graber, Stark App. No. 2004CA00344, 2005-Ohio-2413 (right to jury trial underBlakely did not allow for consideration of untimely filed petition for postconviction relief).
 {¶ 24} Appellant's three assignments of error are overruled.
 {¶ 25} Judgment affirmed.
Young and Bressler, JJ., concur.