OPINION
{¶ 1} Defendant-appellant, Shane Moore, appeals the decision of the Clermont County Court of Common Pleas denying his petition for postconviction relief. We affirm the common pleas court's decision.
 {¶ 2} In May 1998, appellant pled guilty to three counts of burglary in violation of R.C. 2911.12(A)(3), one count of burglary in violation of R.C. 2911.12(A)(4), one count of theft in violation of R.C. 2913.02(A)(1), and one count of receiving stolen property in violation of R.C. 2913.51. In July 1998, the common pleas court convicted appellant of those counts. The court sentenced appellant to a total of 12 years and three months in prison. Appellant did not file a timely appeal of his convictions and sentences. In November 2004, appellant filed a motion for leave to file a delayed appeal, which this court denied.
 {¶ 3} In March 2005, appellant filed a "motion to modify sentence" in the common pleas court. Citing Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, appellant argued that the common pleas court violated his constitutional right to a jury trial when the court sentenced him. The common pleas court construed appellant's motion as a petition for post-conviction relief, and denied the petition.[1] The court determined that appellant had not filed his petition within the 180-day time period in R.C. 2953.21(A)(2), nor had he established the exception in R.C. 2953.23(A)(1).
 {¶ 4} Appellant now appeals, assigning six errors. All of appellant's assignments of error relate to sentencing. In the interest of judicial economy, we address appellant's assignments of error together.
 {¶ 5} The decision to grant or deny a petition for post-conviction relief is committed to the discretion of the trial court. State v. Watson (1998), 126 Ohio App.3d 316, 324;State v. Glynn, Medina App. No. 02CA0090-M, 2003-Ohio-1799, ¶ 4. Accordingly, this court will not disturb the decision of a trial court regarding a petition for post-conviction relief absent an abuse of discretion. See State v. Campbell, Franklin App. No. 03-AP-147, 2003-Ohio-6305, ¶ 14, citing State v.Calhoun, 86 Ohio St.3d 279, 284, 1999-Ohio-102.
 {¶ 6} R.C. 2953.21(A)(2) sets forth the time period for filing a petition for post-conviction relief. That section reads as follows:
 {¶ 7} "Except as otherwise provided in section 2953.23 * * *, a petition [for post conviction relief] * * * shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 * * *, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 8} Appellant did not file his petition for postconviction relief within the 180-day time period set forth in R.C.2953.21(A)(2). Appellant was convicted and sentenced in July 1998. His time for filing a direct appeal expired in August 1998. See App.R. 4(A). The 180-day time period for filing a petition for postconviction relief therefore ended in February 1998. However, appellant did not file his petition until March 2005.
 {¶ 9} Though appellant did not file his petition for postconviction relief within the statutory time period, we must nevertheless consider the exception in R.C. 2953.23(A)(1). That section provides as follows:
 {¶ 10} "[A] court may not entertain a petition filed after the expiration of the period prescribed in * * * [R.C.2953.21](A) * * * unless * * * [b]oth of the following apply:
 {¶ 11} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in * * * [R.C.] 2953.21[(A)(2)] * * *, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 12} "(b) The petitioner shows by clear and convincingevidence that, but for constitutional error at trial, noreasonable factfinder would have found the petitioner guilty ofthe offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence." (Emphasis added).
 {¶ 13} Appellant did not meet the requirement stated in R.C.2953.23(A)(1)(b). Appellant did not show or even attempt to show in his petition that, but for constitutional error, no reasonable factfinder would have found him guilty of the offenses. Appellant's arguments in his petition only address sentencing issues, and do not address any issues related to his guilt. As this court and other courts have held, "[t]he plain language of R.C. 2953.23(A)(1)(b) extends only to trial error and does not extend to sentencing errors, except for those occurring within the capital punishment context." State v. Shroyer, Clermont App. No. CA2005-05-032, 2006-Ohio-1782, ¶ 23, quoting State v.Barkley, Summit App. No. 22351, 2005-Ohio-1268, ¶ 11. See, also,State v. Connors, Hamilton App. No. C-040677, 2005-Ohio-2644, ¶ 14.
 {¶ 14} Accordingly, because all six of appellant's assignments of error relate to sentencing and not to appellant's guilt, we overrule those assignments of error. The common pleas court did not abuse its discretion in dismissing appellant's petition for post-conviction relief. Appellant did not file his petition within the 180-day time period in R.C. 2953.21(A)(2), nor did he establish the exception in R.C. 2953.23(A)(1). Consequently, the court was without jurisdiction to consider appellant's petition. See Shroyer at ¶ 15; Barkley at ¶ 9; Connors at ¶ 15.
 {¶ 15} Judgment affirmed.
Walsh and Bressler, JJ., concur.
[1] Appellant does not challenge the common pleas court's decision to construe his motion as a petition for post-conviction relief. Nevertheless, we find that decision to have been proper. See State v. Reynolds, 79 Ohio St.3d 158, 160, 1997-Ohio-304. We hereafter refer to appellant's motion as a petition for post-conviction relief.