OPINION
{¶ 1} Defendant-appellant, Shawn Abbott, appeals the denial of his "Motion for Summary Judgment/New Trial/Modify Sentence" which appellant filed in the common pleas court following his convictions for aggravated vehicular homicide and aggravated vehicular assault.[1]
 {¶ 2} In 2001, appellant was convicted of aggravated vehicular homicide, a second-degree felony, and aggravated vehicular assault, a third-degree felony, following a jury trial. Appellant received a maximum eight-year prison term for the aggravated vehicular homicide conviction and four years for the aggravated vehicular assault with the terms to be served consecutively. Appellant's convictions and sentence were affirmed on direct appeal. State v. Abbott, Warren App. No. CA2001-10-093, 2002-Ohio-6278, appeal not accepted for review,98 Ohio St.3d 1512, 2003-Ohio-1572, application to reopen denied (June 15, 2005 entry), Warren App. No. CA2001-10-093. The transcript of proceedings in appellant's direct appeal was filed on January 30, 2002.
 {¶ 2} Over three years later, on February 16, 2005, appellant filed his motion with the trial court, seeking to have his sentences modified to minimum and concurrent terms under Blakelyv. Washington (2004), 542 U.S.296, 124 S.Ct. 2531, since he is a "first time offender."[2] The trial court denied appellant's motion and appellant appeals, setting forth the following assignments of error:
 {¶ 3} Assignment of Error No. 1:
 {¶ 4} "THE TRIAL COURT ERRED TO THE PREJUDICE OF PETITIONERA-PPELLANT IN NOT GRANTING RELIEF PURSUANT TO HIS APPLICATION-PETITION, OR MOTION FOR A NEW TRIAL, OR VACATE, OR MODIFY SENTENCE. AS TO PETITIONER-APPELLANT IS BEING ILLEGAL HELD PURSUANT TO VIOLATIONS OF THIE FIFTH, SIXTH, ANDFOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION" PETITIONER-APPELLANT SENTENCE IS CONTRARY TO LAW [sic.]."
 {¶ 5} Assignment of Error No. 2:
 {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF PETITIONER-APPELLANT IN NOT GRANTING RELIEF. PURSUANT TO VIOLATIONS OF THE EQUAL PROTECTION DUE PROCESS CLAUSES OF THEFOURTEENTH AMENDMENT AS WELL AS THE FIFTH, SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION [sic.]."
 {¶ 7} Assignment of Error No. 3:
 {¶ 8} "THE TRIAL COURT ERRED TO THE PREJUDICE OF PETITIONERA-PPELLANT IN NOT ADDRESSING THE VALIDITY OF BOTH SENTENCES, OR MULTIPLE OFFENSES, OR SEPARATE CRIMES [sic]."
 {¶ 9} Appellant's assignments of error collectively argue that he is entitled to minimum and concurrent prison terms as a result of the United States Supreme Court's decision inBlakely, and the Ohio Supreme Court's subsequent decision inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. For the reasons that follow, we reject appellant's arguments and affirm the trial court's denial of his motion.
 {¶ 10} Although appellant styled his motion as requesting a "new trial" based upon newly discovered evidence, appellant did not submit affidavits from the witnesses who were expected to provide the new evidence. Crim.R. 33(A)(6). While appellant contends his motion is based upon "newly discovered evidence," appellant merely relied upon recent or "newly decided" case law, namely Blakely and Foster, both of which were decided after appellant's conviction and sentence became final. Appellant's efforts based upon Blakely amount to nothing more than an attempt to correct his sentence on the premise that his constitutional rights have been violated.
 {¶ 11} We do not find that the trial court abused its discretion in denying appellant's motion if the denial was predicated upon a determination that the motion was one for a new trial based upon newly discovered evidence. See State v. LaMar,95 Ohio St.3d 181, 2002-Ohio-2128, ¶ 85, certiorari denied,537 U.S. 1057, 123 S.Ct. 632; State v. Fortson, Cuyahoga App. No. 82545, 2003-Ohio-5387.
 {¶ 12} Since appellant's motion sought to modify his sentence based upon an alleged violation of his constitutional rights, his motion can only be properly construed as a petition for postconviction relief. The Ohio Supreme Court has held that "[w]here a criminal defendant subsequent to his or her direct appeal files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." State v.Reynolds, 79 Ohio St.3d 158, 1997-Ohio-304, syllabus.
 {¶ 13} The decision to grant or deny a petition for postconviction relief is committed to the discretion of the trial court. State v. Watson (1998), 126 Ohio App.3d 316, 324. Accordingly, the trial court's decision regarding a petition for postconviction relief will not be disturbed absent an abuse of discretion. See State v. Campbell, Franklin App. No. 03-AP1-47,2003-Ohio-6305, ¶ 14.
 {¶ 14} "Except as otherwise provided in section 2953.23
* * *, a [postconviction relief] petition * * * shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *." R.C.2953.21(A)(2).
 {¶ 15} Appellant's trial transcript was filed in his direct appeal on January 30, 2002. Consequently, the 180-day time period for filing a postconviction relief petition ended on July 29, 2002. However, appellant did not file his motion until February 15, 2005, over two and one-half years later and well beyond the scope of the permissible time frame of R.C. 2953.21(A)(2).
 {¶ 16} Although appellant did not file his petition for postconviction relief within the statutory time period, we nevertheless consider the exception in R.C. 2953.23(A)(1) which provides as follows:
 {¶ 17} "[A] court may not entertain a petition filed after the expiration of the period prescribed in * * * [R.C.2953.21](A) * * * unless * * * [b]oth of the following apply:
 {¶ 18} "(a) either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in * * * [R.C.] 2953.21[(A)(2)] * * *, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 19} "(b) The petitioner shows by clear and convincingevidence that, but for constitutional error at trial, noreasonable fact finder would have found the petitioner guilty ofthe offense of which the petitioner was convicted * * *." (Emphasis added.)
 {¶ 20} Appellant did not meet the requirements set forth in R.C. 2953.23(A)(1)(b). Appellant's arguments in his petition only address sentencing issues, and do not address any issues related to his guilt. As this court and other courts have stated: "[t]he plain language of R.C. 2953.23(A)(1)(b) extends only to trial error and does not extend to sentencing errors, except those occurring within the capital punishment context." State v.Schroyer, Clermont App. No. CA2005-05-032, 2006-Ohio-1782, ¶ 23, quoting State v. Barkley, Summit App. No. 22351,2005-Ohio-1268, ¶ 11. See, also, State v. Moore, Clermont App. No. CA2005-07-071, 2006-Ohio-1897, ¶ 13; State v. Connors,
Hamilton App. No. C-040677, 2005-Ohio-2644, ¶ 14.
 {¶ 21} Since appellant's assignments of error relates to sentencing and not to guilt, the common pleas court did not abuse its discretion in dismissing the motion or petition for postconviction relief. Appellant neither filed his petition with the 180-day time period of R.C. 2953.21(A)(2) nor satisfied the exception of R.C. 2953.23(A)(1). Consequently, the court was without jurisdiction to consider appellant's petition. SeeSchroyer at ¶ 15; Moore at ¶ 14.
 {¶ 22} As to appellant's claim that his "right" to be sentenced to minimum concurrent terms has been in effect since 2000 when the Supreme Court decided Apprendi v. New Jersey
(2000), 530 U.S. 466, 120 S.Ct. 2348, we note that the Ohio Supreme Court's pronouncement in Foster applies only to cases that were on direct review or not yet final at the time Foster
was decided on February 27, 2006. Foster, 2006-Ohio-856 at ¶ 106. Appellant's case was not on direct review when Foster was issued; his direct appeal became final when the Ohio Supreme Court refused to accept it for review on April 2, 2003. SeeState v. Abbott, 2003-Ohio-1572.
 {¶ 23} For the reasons set forth above, we conclude that the trial court correctly denied appellant's motion, regardless of whether it is construed as a motion for new trial or a petition for postconviction relief. Accordingly, appellant's assignments of error are hereby overruled.
 {¶ 24} Judgment affirmed.
Powell, P.J., and Walsh, J., concur.
[1] Pursuant to Loc.R. 6(A), we have sua sponte removed this case from the accelerated calendar for purposes of issuing this opinion.
[2] Appellant, a first time felony offender, has four prior OVI convictions and was once again under the influence of alcohol at the time he caused the fatal accident resulting in his felony convictions. See Abbott, 2002-Ohio-6278 at ¶ 17.