OPINION
{¶ 1} Defendant-appellant, Frank J. Kruse, appeals the denial of his petition for postconviction relief.
 {¶ 2} On September 5, 2001, appellant pled guilty to a second-degree felony charge of illegally manufacturing drugs and was sentenced to three years in prison. On May 24, 2002, appellant pled guilty to a separate charge of escape, also a second-degree felony, and received an additional three-year prison term to be served consecutive to his drug-related three-year sentence. There was no direct appeal of either conviction or sentence.
 {¶ 3} Over three years later, on August 15, 2005, appellant filed a petition for postconviction relief, claiming his sentences, which were more than the minimum sentence for second-degree felonies, violated his constitutional right to a trial by jury under the United States Supreme Court decision ofBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531.
 {¶ 4} Appellant presents one assignment of error in which he claims the trial court violated his Sixth Amendment right by imposing a nonminimum prison term where additional findings required to impose that term were not made by a jury nor admitted by appellant.
 {¶ 5} The decision to grant or deny a petition for postconviction relief is committed to the discretion of the trial court. State v. Watson (1998), 126 Ohio App.3d 316, 324. Accordingly, the trial court's decision regarding a petition for postconviction relief will not be disturbed absent an abuse of discretion. See State v. Campbell, Franklin App. No. 03-AP-147,2003-Ohio-6305, ¶ 14.
 {¶ 6} "Except as otherwise provided in section 2953.23 * * *, a [postconviction relief] petition * * * shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken, except as otherwise provided in section 2953.23 * * *, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." R.C.2953.21(A)(2).
 {¶ 7} Appellant did not directly appeal either of his convictions. The time for filing a notice of appeal in the latter of appellant's two convictions expired on June 23, 2002. See App.R. 4(A). Consequently, the 180-day time period for filing a postconviction relief petition ended on November 27, 2002. However, appellant did not file his petition until August 15, 2005, nearly three years later.
 {¶ 8} Although appellant did not file his petition for postconviction relief within the statutory time period, we nevertheless consider the exception in R.C. 2953.23(A)(1) which provides as follows:
 {¶ 9} "[A] court may not entertain a petition filed after the expiration of the period prescribed in * * * [R.C. 2953.21](A) * * * unless * * * [b]oth of the following apply:
 {¶ 10} "(a) either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in * * * [R.C.] 2953.21[(A)(2)] * * *, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 11} "(b) The petitioner shows by clear and convincingevidence that, but for constitutional error at trial, noreasonable fact finder would have found the petitioner guilty ofthe offense of which the petitioner was convicted * * *." (Emphasis added.)
 {¶ 12} Appellant did not meet the requirements set forth in R.C. 2953.23(A)(1)(b). Appellant's arguments in his petition only address sentencing issues, and do not address any issues related to his guilt. As this court and other courts have stated: "[t]he plain language of R.C. 2953.23(A)(1)(b) extends only to trial error and does not extend to sentencing errors, except those occurring within the capital punishment context." State v.Schroyer, Clermont App. No. CA2005-05-032, 2006-Ohio-1782, ¶ 23, quoting State v. Barkley, Summit App. No. 22351,2005-Ohio-1268, ¶ 11. See, also, State v. Moore, Clermont App. No. CA2005-07-071, 2006-Ohio-1897, ¶ 13; and State v. Connors,
Hamilton App. No. C-040677, 2005-Ohio-2644, ¶ 14.
 {¶ 13} Since appellant's sole assignment of error relates to sentencing and not to guilt, we overrule his assignment of error; the common pleas court did not abuse its discretion in dismissing the petition for postconviction relief. Appellant neither filed his petition with the 180-day time period of R.C. 2953.21(A)(2) nor satisfied the exception of R.C. 2953.23(A)(1). Consequently, the court was without jurisdiction to consider appellant's petition. See Schroyer at ¶ 15; Moore at ¶ 14.
 {¶ 14} Judgment affirmed
Walsh, P.J., and Young, J., concur.