OPINION
¶ 1} Defendant-appellant, Scott A. Jones, appeals the denial of his petition to vacate his sentence.
¶ 2} In 1998, appellant was found guilty on four counts of felonious assault, one count of failure to comply with a police officer, and one count of aggravated vehicular assault. Appellant received an aggregate sentence of 43 years in prison. Appellant's convictions and sentence were affirmed on direct appeal. Statev. Jones (Sept. 7th, 1999), Butler App. No. CA98-10-222, leave to file delayed appeal denied, 89 Ohio St.3d 1489,2000-Ohio-2939.
¶ 3} On June 21, 2005, appellant, citing R.C.2953.23(A)(1)(a), filed a "Petition to Vacate or Set Aside Judgment of Conviction or Sentence." Appellant claimed his constitutional right to a trial by jury had been violated and that he was entitled to a minimum prison term. The trial court denied appellant's petition.
¶ 4} On appeal, appellant presents a single assignment of error in which he contends the trial court erred by dismissing his petition and by not amending appellant's sentence to impose a minimum, concurrent term of imprisonment. Appellant claims that the imposition of nonminimum and consecutive sentences violates his Sixth Amendment right to a jury trial under the United States Supreme Court decision of Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531.
¶ 5} The Ohio Supreme Court has held that "[w]here a criminal defendant subsequent to his or her direct appeal files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." State v. Reynolds, 79 Ohio St.3d 158,1997-Ohio-304, syllabus. Appellant's petition, filed under R.C.2953.21, sought to modify his sentence based upon an alleged violation of his constitutional rights and can only be properly construed as a petition of postconviction relief. See State v.Abbott, Warren App. CA2005-07-086, 2006-Ohio-2398, ¶ 12.
¶ 6} The decision to grant or deny a petition for postconviction relief is committed to the discretion of the trial court. State v. Watson (1998), 123 Ohio App. 3d 316, 324. Accordingly, the trial court's decision regarding a petition for postconviction relief will not be disturbed absent and abuse of discretion. State v. Kruse, Warren App. Nos. CA2005-10-112, CA2005-10-113, 2006-Ohio-2510, ¶ 5.
¶ 7} "Except as otherwise provided in section 2953.23 * * *, a [postconviction relief] petition * * * shall be filed no later that one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *." R.C.2953.21(A)(2).
¶ 8} Appellant directly appealed his convictions. The transcript of proceedings was filed in appellant's direct appeal on January 19, 1999. Consequently, the 180-day time period for filing a postconviction relief petition ended on July 18, 1999. However, appellant did not file his petition until June 21, 2005, nearly six years later.
¶ 9} Although appellant did not file his petition within the statutory time period, an exception for untimely filings is codified in R.C. 2953.23(A)(1) which provides as follows:
¶ 10} "[A] court may not entertain a petition filed after the expiration of the period described in * * * [R.C. 2953.21](A) * * * unless * * * [b]oth of the following apply:
¶ 11} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period described in * * * [R.C.] 2953.21[(A)(2)] * * *, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
¶ 12} "(b) the petitioner shows that by clear and convincingevidence that, but for constitutional error at trial, noreasonable fact finder would have found the petitioner guilty ofthe offense of which the petitioner was convicted * * *." (Emphasis added.)
¶ 13} Appellant did not meet the requirements of R.C.2953.23(A)(1)(b). Appellant's arguments in his petition only addressed sentencing issues, and did not address any issues related to his guilt. As this court has stated: "[t]he plain language of R.C. 2953.23(A)(1)(b) extends only to trial error and does not extend to sentencing errors, except those occurring within the capital punishment context." State v. Schroyer,
Clermont App. No. CA2005-05-032, 2006-Ohio-1782, ¶ 23, quotingState v. Barkley, Summit App. No. 22351, 2005-Ohio-1268, ¶ 11. See, also, Kruse, 2006-Ohio-2510 at ¶ 12; and State v. Moore,
Clermont App. No. CA2005-07-071, 2006-Ohio-1897, ¶ 13.
¶ 14} Since appellant's sole argument relates to sentencing and not to guilt, we overrule his assignment of error. The common pleas court did not abuse its discretion in denying appellant's postconviction relief petition. Appellant neither filed his petition within the 180-day time period of R.C. 2953.21(A)(2), nor satisfied the exception of R.C. 2953.23(A)(1). Consequently, the court was without jurisdiction to consider appellant's petition. See, Kruse at ¶ 13; Schroyer at ¶ 15.
¶ 15} Judgment affirmed.
Walsh and Young, JJ., concur.