OPINION
{¶ 1} Defendant-appellant, Charles William Carter, appeals the denial of his motion for modification of sentence.
 {¶ 2} In 2002, appellant pled no contest to, and was found guilty of, one count each of aggravated burglary, rape, kidnapping, and possession of criminal tools. Appellant received an aggregate sentence of 20 years in prison. Appellant's convictions and sentence were affirmed on direct appeal. Statev. Carter, Clinton App. No. CA2002-02-012, 2002-Ohio-6108, appeal not accepted for review, 98 Ohio St.3d 1490,2003-Ohio-1189, application to reopen appeal denied (May 7, 2003), motion for reconsideration denied (June 11, 2003).
 {¶ 3} On March 17, 2006, appellant, citing R.C. 2953.21, filed a "Motion for Modification of Sentence." Appellant asserted that his consecutive sentences were unconstitutional under Statev. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. The trial court denied appellant's motion.
 {¶ 4} On appeal, appellant presents a single assignment of error in which he contends the trial court erred by denying his request to modify his sentence. Appellant argues that the imposition of consecutive sentences violates his Sixth Amendment right to a jury trial under Foster and Blakely v. Washington
(2004), 542 U.S. 296, 124 S.Ct. 2531.
 {¶ 5} We initially address appellant's claim that he is entitled to the requested relief because of the mandate that "[the Foster] holding [must be applied] to all cases on directreview." Foster at ¶ 106. (Emphasis added.) Appellant argues that the case at bar is "pending on direct review" as the result of a 2003 habeas corpus action he filed in federal court.[1] We disagree.
 {¶ 6} Citing United States v. Booker (2005), 543 U.S. 220,125 S.Ct. 738, the Foster court observed that cases pending on direct review must be remanded to trial courts for new sentencing hearings. Id. at ¶ 104, 106. The Booker court held that a new rule for the conduct of criminal prosecutions should be applied retroactively to all cases, state or federal, pending on directappeal or not yet final. See Booker at 268, 125 S.Ct. 738. (Emphasis added.)
 {¶ 7} In the case at bar, a judgment of conviction has been rendered, appeals at the state level have been exhausted, and the time for filing a petition for certiorari with the United States Supreme Court has elapsed. See Section 2101(c), Title 28, U.S. Code. Thus, appellant's criminal case is not pending on direct review; it is final. See Griffith v. Kentucky (1987),479 U.S. 314, 321, 102 S.Ct. 708, 712, fn. 6.
 {¶ 8} Having depleted his direct appeal options, appellant has been reduced to collaterally attacking his convictions by state postconviction relief proceedings and original actions filed in federal court. An original action is a civil remedy and cannot be used as a substitute for direct appeal. See State exrel. Levin v. Sheffield Lake, 70 Ohio St.3d 104, 1994-Ohio-385. Consequently, we are not required to retroactively apply Foster
to appellant's case simply because he has a pending habeas action in federal court.[2]
 {¶ 9} The Ohio Supreme Court has held that "[w]here a criminal defendant subsequent to his or her direct appeal files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." State v. Reynolds,79 Ohio St.3d 158, 1997-Ohio-304, syllabus. Appellant's motion, filed under R.C. 2953.21, seeks to modify his sentence based upon an alleged violation of his constitutional rights and can only be properly construed as a petition for postconviction relief. See State v.Abbott, Warren App. No. CA2005-07-086, 2006-Ohio-2398, ¶ 12.
 {¶ 10} The decision to grant or deny a petition for postconviction relief is committed to the discretion of the trial court. State v. Watson (1998), 126 Ohio App.3d 316, 324. Accordingly, the trial court's decision regarding a petition for postconviction relief will not be disturbed absent an abuse of discretion. State v. Kruse, Warren App. Nos. CA2005-10-112, CA2005-10-113, 2006-Ohio-2510, ¶ 5. "Except as otherwise provided in Section 2953.23 * * * a [postconviction relief] petition * * * shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of conviction or adjudication * * *." R.C. 2953.21(A)(2).
 {¶ 11} Appellant directly appealed his convictions. The transcript of proceedings in appellant's direct appeal was filed on February 28, 2002. Consequently, the 180-day time period for filing a postconviction relief petition ended on August 27, 2002. However, appellant did not file his petition until March 17, 2006, over three and one-half years later.
 {¶ 12} Although appellant did not file his petition within the statutory time period, an exception for untimely filings is codified in R.C. 2953.23(A)(1) which provides as follows:
 {¶ 13} "[A] court may not entertain a petition filed after the expiration of the period described in * * * [R.C. 2953.21](A) * * * unless * * * [b]oth of the following apply:
 {¶ 14} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period described in * * * [R.C.]2953.21[(A)(2)] * * * the United States Supreme Court recognizes a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 15} "(b) The petitioner shows that by clear andconvincing evidence that, but for constitutional error at trial,no reasonable fact-finder would have found the petitioner guiltyof the offense of which the petitioner was convicted * * *." (Emphases added.)
 {¶ 16} Appellant does not meet the requirements of R.C.2953.23(A)(1)(b). Appellant's arguments in his petition only address sentencing issues, and do not address any issues relating to his guilt. As this court has stated: "[t]he plain language of R.C. 2953.23(A)(1)(b) extends only to trial error and does not extend to sentencing errors, except those occurring within the capital punishment context." State v. Schroyer, Clermont App. No. CA2005-05-032, 2006-Ohio-1782, ¶ 23. See, also, Kruse,2006-Ohio-2510 at ¶ 12; State v. Moore, Clermont App. No. CA2005-07-071, 2006-Ohio-1897, ¶ 13; and State v. Jones, Butler App. No. CA2005-09-409, 2006-Ohio-3238, ¶ 13.
 {¶ 17} Since appellant's sole argument relates to sentencing and not to guilt, we overrule his assignment of error. The common pleas court did not abuse its discretion in denying appellant's postconviction relief petition. Appellant neither filed his petition within the 180-day time period of R.C. 2953.21(A)(2), nor satisfied the exception of R.C. 2953.23(A)(1). Consequently, the trial court was without jurisdiction to consider appellant's petition. See Jones at ¶ 13; Schroyer at ¶ 15.
Judgment affirmed.
Young and Bressler, JJ., concur.
[1] Appellant filed a habeas corpus action in the United States District Court for the Southern District of Ohio in December 2003. The district court denied appellant's petition on June 7, 2006, and that decision is currently on appeal to the United States Sixth Circuit Court of Appeals.
[2] Subsequent to Foster, at least two Ohio appellate courts have held that Blakely does not apply retroactively to cases on collateral as opposed to direct review. See State v. Schenk,
Erie App. No. E-05-033, 2006-Ohio-1636, at ¶ 8; and State v.Cates, Fairfield App. No. 2005-CA-0097, 2006-Ohio-2836, at ¶30.