OPINION
{¶ 1} Defendant-appellant, Gregory R. Schroyer, appeals the denial of his "Motion to Correct Unlawful Sentence."
 {¶ 2} In 1999, appellant was sentenced to an aggregate term of 22 years in prison on charges of aggravated burglary, rape, and attempted burglary. The Ohio Supreme Court subsequently affirmed this court's denial of a motion for leave to file a delayed appeal. See State v.Schroyer, 104 Ohio St.3d 1402, 2004-Ohio-6145. In 2005, appellant unsuccessfully petitioned the trial court for postconviction relief. The trial court's denial of appellant's postconviction relief petition was affirmed on direct appeal. See State v. Schroyer, Clermont App. No. CA2005-05-032, 2006-Ohio-1782.
 {¶ 3} In June 2006, appellant filed a motion to correct an unlawful sentence, claiming he was entitled to be resentenced pursuant toState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. The trial court construed the motion as another postconviction relief petition, held it was without jurisdiction to entertain successive petitions, and denied the requested relief. On appeal, appellant submits the following two assignments of error for review:
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY CONSTRUING THE DIRECT ATTACK MADE BY APPELLANT IN HIS MOTION AS A POST-CONVICTION PETITION."
 {¶ 6} Assignment of Error No. 2:
 {¶ 7} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO GRANT THE MOTION TO CORRECT THE UNLAWFUL SENTENCE."
 {¶ 8} In his first assignment of error, appellant claims the trial court erred by construing his motion as a petition for postconviction relief.
 {¶ 9} Appellant's motion, filed seven years after he was sentenced, sought resentencing under Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531; and State v. Foster. This court has held that where a criminal defendant subsequent to his direct appeal files a motion seeking vacation or correction of his sentence on the basis that his constitutional rights have been violated, such a motion is a petition for postconviction relief. State v. Carter, Clinton App. No. CA2006-03-010, 2006-Ohio-4205, ¶ 9, citing State v. Reynolds,79 Ohio St.3d 158, 1997-Ohio-304. See, also, State v. Abbott, Warren App. No. CA2005-07-086, 2006-Ohio-2398, ¶ 12; State v. Schlee, Lake App. No. 2005-L-105, 2006-Ohio-3208 Under these circumstances, the trial court did not err in construing appellant's motion as a petition for postconviction relief and denying it on the basis that it was without jurisdiction to entertain successive petitions.
 {¶ 10} Appellant's first assignment of error is overruled.
 {¶ 11} In his second assignment of error, appellant claims the trial court erred when it refused to resentence him under the provisions ofFoster. According to appellant, his sentence is unconstitutional since the trial court imposed a 22-year sentence based upon unconstitutional judicial findings of fact.
 {¶ 12} Appellant was sentenced in 1999 and his direct appeal remedies were long exhausted by the time he filed his most recent motion. InFoster, the Ohio Supreme Court held that its ruling was to be applied to all cases pending on direct review and not yet final. SeeFoster, 2006-Ohio-856 at ¶ 106. Appellant's case was final and not pending on direct review when Foster was decided. Accordingly, appellant is not entitled to have the Foster ruling retroactively applied in his case. See State v. Carter, 2006-Ohio-4205 at ¶ 7; State v. Muncey, Madison App. No. CA2006-06-023, 2006-Ohio-6358, ¶ 5.
 {¶ 13} For these reasons, appellant's second assignment of error is overruled.
 {¶ 14} Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.