OPINION
{¶ 1} Defendant-appellant, Charles William Carter, appeals the denial of his motion for modification of sentence.
 {¶ 2} The procedural posture of this case is well known to the court. In 2002, appellant was sentenced to an aggregate term of 20 years in prison after he pled no contest to, and was found guilty of, multiple felony offenses. Appellant's convictions and sentence were affirmed on direct appeal, as was the denial of his March 17, 2006 motion to modify *Page 2 
sentence. See State v. Carter, Clinton App. No. CA2002-02-012, 2002-Ohio-6108; and State v. Carter, Clinton App. No. CA2006-03-010,2006-Ohio-4205. Appellant's most recent motion, which is very similar to the one denied in 2006, seeks to modify his sentence pursuant to the United States Supreme Court's recent decision in Cunningham v.California (2007), ___ U.S. ___, 127 S.Ct. 856. The trial court denied the motion, prompting this appeal in which appellant presents a single assignment of error claiming his constitutional right to a jury trial was violated when the trial court denied his motion to modify sentence.
 {¶ 3} As this court has previously held, motions to modify or correct a criminal sentence based upon an alleged violation of constitutional rights can only be properly construed as petitions for postconviction relief. See Carter, 2006-Ohio-4205 at ¶ 9. Such a petition not filed within the 180-day time period in R.C. 2953.21(A)(2) and only raising issues relating to sentencing errors does not vest a trial court with jurisdiction to consider the same. Id. at ¶ 16, 17.[1]
 {¶ 4} For the same reasons expressed in Carter, 2006-Ohio-4205, we construe appellant's motion as a petition for postconviction relief. Because the petition only addresses sentencing errors and was not filed within the time frame of R.C. 2953.21(A)(2), the trial court had no jurisdiction to consider appellant's claim. The sole assignment of error is hereby overruled.
 {¶ 5} Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] We are not persuaded by appellant's argument that he is entitled to be resentenced pursuant to Cunningham. In Cunningham, the Supreme Court found a California determinate sentencing law unconstitutional because it permitted the sentencing court to enhance a prison term by finding one or more additional aggravating facts. Under the California law, judges were not free to exercise their "discretion to select a specific sentence within a defined range." Cunningham, 125 S.Ct. at 870. In Ohio, however, sentencing courts have full discretion to impose a prison sentence within the statutory or defined range. See State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, ¶ 100. *Page 1