OPINION
{¶ 1} Defendant-appellant, Brian Shannon, appeals the decision of the Preble County Court of Common Pleas dismissing his petition for postconviction relief. We affirm the common pleas court's decision.
 {¶ 2} In February 2002, appellant pled guilty to one count of voluntary manslaughter with a firearm specification, one count of aggravated arson, one count of tampering with evidence, one count of gross abuse of a corpse, one count of burglary, and one count of theft. The common pleas court convicted appellant of those counts in March 2002.
 {¶ 3} The common pleas court sentenced appellant to nine years in prison for the voluntary manslaughter count, three years for the firearm specification, and seven years for the aggravated arson count. The court ordered that appellant serve those prison terms consecutively. The court ordered prison sentences of four years for the tampering with evidence count, ten months for the gross abuse of a corpse count, and ten months for the theft count. Those sentences were to be served concurrently to each other and to the previously mentioned sentences.
 {¶ 4} Appellant directly appealed his convictions and sentences. Appellant's counsel filed a brief in this court pursuant to Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, indicating that the record did not show any prejudicial errors. In a decision released in April 2004, this court found plain error and reversed the common pleas court's order requiring appellant to pay court-appointed attorney fees. See State v.Shannon, Preble App. No. CA2003-02-005, 2004-Ohio-1866, ¶ 4. This court remanded the case to the common pleas court for the court to determine, pursuant to R.C. 2941.51(D), whether appellant had the ability to pay court-appointed attorney fees.Shannon at ¶ 6. This court found no other prejudicial errors in the common pleas court's proceedings. Id. at ¶ 5. On remand, the common pleas court determined that appellant did not have the ability to pay court-appointed attorney fees, and vacated that portion of his sentence.
 {¶ 5} In July 2005, appellant filed a petition for postconviction relief pursuant to R.C. 2953.21. In that petition, appellant argued that the common pleas court's sentencing decision violated his Sixth Amendment right to a jury trial and the United States Supreme Court decision of Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531. The common pleas court dismissed appellant's petition in August 2005 without a hearing.
 {¶ 6} Appellant now appeals, assigning one error.
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN DETERMINING THAT APPELLANT'S SENTENCE DOES NOT VIOLATE THE SIXTH AMENDMENT."
 {¶ 9} In his sole assignment of error, appellant argues that the common pleas court should have granted his petition for postconviction relief because the court's sentencing decision violated his Sixth Amendment right to a jury trial and Blakely.
Appellant urges this court to reverse the common pleas court's decision and vacate his sentences.
 {¶ 10} R.C. 2953.21(A)(2) sets forth the time period for filing a petition for post-conviction relief. That section states as follows:
 {¶ 11} "Except as otherwise provided in section 2953.23
* * *, a petition [for postconviction relief] * * * shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 * * *, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 12} The record shows that appellant did not file his petition for postconviction relief within the 180-day time period specified in R.C. 2953.21(A)(2). The transcript of the proceedings before the common pleas court was filed in the court of appeals in June 2003. Therefore, the 180-day time period for filing a petition for postconviction relief ended in December 2003. As previously stated, appellant did not file his petition until July 2005.
 {¶ 13} R.C. 2953.23(A)(1) provides an exception to the 180-day filing deadline. That section states as follows:
 {¶ 14} "[A] court may not entertain a petition filed after the expiration of the period prescribed in * * * [R.C.2953.21](A) * * * unless * * * [b]oth of the following apply:
 {¶ 15} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in * * * [R.C.] 2953.21[(A)(2)] * * *, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 16} "(b) The petitioner shows by clear and convincingevidence that, but for constitutional error at trial, noreasonable factfinder would have found the petitioner guilty ofthe offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence." (Emphasis added).
 {¶ 17} Appellant cannot satisfy the R.C. 2953.23(A)(1) exception because he cannot meet the requirement in R.C.2953.23(A)(1)(b). Appellant cannot show that, but for constitutional error, no reasonable factfinder would have found him guilty of the offenses. Appellant's arguments in his petition for postconviction relief addressed only sentencing issues, and did not address any issues related to guilt. As this court has held in three recent opinions, "[t]he plain language of R.C.2953.23(A)(1)(b) extends only to trial error and does not extend to sentencing errors, except for those occurring within the capital punishment context." State v. Abbott, Warren App. No. CA2005-07-086, 2006-Ohio-2398, ¶ 20; State v. Moore, Clermont App. No. 2005-07-071, 2006-Ohio-1897, ¶ 13; State v. Schroyer,
Clermont App. No. CA2005-05-032, 2006-Ohio-1782, ¶ 23. Accordingly, because appellant did not file his petition for postconviction relief within the time period stated in R.C.2953.21(A)(2), and because he cannot satisfy the R.C.2953.23(A)(1) exception, we overrule his sole assignment of error.[1]
 {¶ 18} Having overruled appellant's assignment of error, we affirm the common pleas court's decision dismissing appellant's petition for postconviction relief.
Walsh, P.J., and Bressler, J., concur.
Hendrickson, J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section6(C), Article IV of the Ohio Constitution.
[1] Appellant also cannot establish the other exception in R.C.2953.23, which applies when the results of subsequent DNA testing establish "actual innocence." See R.C. 2953.23(A)(2).