OPINION
{¶ 1} Defendant-appellant, James L. Brown, Jr., appeals his conviction and sentence in the Fayette County Court of Common Pleas for pandering sexually-oriented material involving a minor. We affirm the decision of the trial court.
 {¶ 2} In 1993 or 1994, Rosemary Yankey ("Yankey") and her daughter, B.K., then three or four years old, moved in with appellant. Thereafter, Yankey and appellant had two daughters together.
 {¶ 3} On July 29, 2002, Detective Denny Kirk ("Det. Kirk") of the Highland County Sheriff's Office was contacted and advised to go to the Highland District Hospital emergency department regarding a possible sexual assault involving a 12-year-old female. The victim, B.K., informed Det. Kirk that appellant sexually abused her while she lived with him.
 {¶ 4} That evening, Det. Kirk contacted Detective Larry Walker ("Det. Walker") of the Fayette County Sheriff's Department because appellant's residence is located in Fayette County. Det. Kirk informed Det. Walker of the allegations of sexual abuse. Det. Walker went to appellant's residence and was invited inside the trailer home. According to Det. Walker, appellant stated that he knew "what it was about and he's been accused of having sex with [B.K.]." Det. Walker then advised appellant of his Miranda
rights.
 {¶ 5} Det. Walker obtained appellant's consent to search his home. Appellant signed a permission to search form. Det. Walker searched appellant's bedroom and found several sexually explicit photographs. One photograph showed B.K., then 12 years old, lying on her back almost completely nude with a dildo placed "between [her] legs." Appellant was arrested and charged with pandering sexually-oriented material involving a minor.
 {¶ 6} At the close of the state's case, appellant moved for a judgment of acquittal stating that the state failed to prove that the photograph of B.K. depicted sexual activity or masturbation. The trial court denied the motion on the grounds that there was sufficient evidence for the jury to consider the elements of the case. The trial court found that the photograph did not depict sexual activity, because there was only one person in the photograph and sexual activity requires two persons. However, the trial court found that the photograph depicted masturbation and included that charge in the jury instructions.
 {¶ 7} On May 21, 2003 the jury returned its verdict finding appellant guilty of pandering sexually-oriented material involving a minor, a felony of the second degree. On July 14, 2003, the trial court sentenced appellant to eight years in prison, the maximum sentence for this offense. In reaching its decision, the trial court considered several recidivism factors: the age of the victim; the relationship between appellant and the victim; frequency of appellant's acts; likelihood of appellant committing future crimes; and appellant's behavioral patterns.
 {¶ 8} Appellant appeals his conviction and sentence raising three assignments of error. Assignments of error No. 1 and No. 2 will be addressed together:
 {¶ 9} Assignment of Error No. 1:
 {¶ 10} "The trial court erred to the prejudice of appellant by overruling his motion for acquittal at the close of the state's case because the elements of sexual activity or masturbation were not proven beyond a reasonable doubt."
 {¶ 11} Assignment of Error No. 2:
 {¶ 12} "The jury's verdict was not supported by evidence sufficient to sustain it."
 {¶ 13} In his first and second assignments of error, appellant challenges the adequacy of the evidence presented at trial. Specifically, appellant argues that the state failed to establish that the photograph depicts masturbation. Therefore, appellant argues that the evidence presented by the state was insufficient to establish his guilt beyond a reasonable doubt.
 {¶ 14} Crim.R. 29(A) governs motions for acquittal and provides for a judgment of acquittal "if the evidence is insufficient to sustain a conviction * * *." An appellate court's function in reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. A verdict will not be disturbed on appeal unless reasonable minds could not reach the conclusion reached by the trier of fact. State v. Jenks (1991), 61 Ohio St.3d 259,273. Sufficiency is a test of adequacy. State v. Thompkins,78 Ohio St.3d 380, 386-387, 1997-Ohio-52. An appellate court must review the evidence in the light most favorable to the prosecution. State v. Nields, 93 Ohio St.3d 6, 24,2001-Ohio-1291.
 {¶ 15} The elements of an offense may be established by direct evidence, circumstantial evidence or both. See State v.Durr (1991), 58 Ohio St.3d 86, 92. Circumstantial and direct evidence are of equal probative value. See Jenks at 272 ("[c]ircumstantial evidence and direct evidence inherently possess the same probative value [and] in some instances certain facts can only be established by circumstantial evidence"). However, the weight given to the evidence and the credibility of witnesses are issues primarily for the trier of fact. State v.Thomas (1982), 70 Ohio St.2d 79, 79-80; State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 16} Pandering sexually-oriented material involving a minor is defined by R.C. 2907.322(A)(1) as knowingly "photograph[ing], * * *, or publish[ing] any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality[.]" Hence, we find by the plain language of the definition that sexually-oriented material can include a Polaroid picture of a minor engaged in masturbation.
 {¶ 17} Contrary to appellant's argument, the state produced evidence that appellant photographed a minor engaged in masturbation. According to B.K., appellant told her to take off her clothes. B.K. testified that appellant then told her to go to his bedroom where he put her on the bed. Appellant then told B.K. to put a dildo "between [her] legs." Appellant then took a Polaroid photograph of B.K.B.K. testified that appellant then showed her the photo "after the picture cleared where you could see" it. She testified that appellant then put the photograph "in his lock box and locked it up."
 {¶ 18} B.K. testified that she complied with appellant's requests to photograph her nude because she is afraid of him. When asked what he would do if she did not cooperate, she stated, appellant would "basically torture me." B.K was then asked, "[y]ou mean physically torture you?" She replied, "[y]eah."
 {¶ 19} During a consensual search of appellant's mobile home by Det. Walker on July 29, 2002, the Polaroid photograph of B.K. was found in a locked box in appellant's bedroom. At trial, Det. Walker described the photograph, marked as state's exhibit 6, as "a photograph of what appeared to be a young girl * * * nude except for her top pulled up with a * * * dildo inserted in her vagina."
 {¶ 20} Appellant argues that this evidence does not establish that the photograph, marked as state's exhibit 6, depicts B.K. engaging in masturbation. Appellant notes that the term "masturbation" is not defined in R.C. 2907.322 or in 2907.01. He cites State v. Dorso (1983), 4 Ohio St.3d 60, 62, for the proposition that a term left undefined by statute "is to be accorded its common, everyday meaning." Appellant cites to the "Random House Dictionary of the English Language (2 Ed. 1987), 1184" for a definition of masturbation. Masturbation is defined as the "stimulation or manipulation of one's own genitals, esp. to orgasm; sexual self-gratification."
 {¶ 21} Det. Walker describes the photograph of B.K., taken by appellant at his request, as a depiction of "a young girl" with a "dildo inserted in her vagina." Therefore, the photograph depicts the manipulation of her genitals with the dildo.
 {¶ 22} We conclude that a rational factfinder, viewing the evidence in the light most favorable to the state, could have found that the state had proved beyond a reasonable doubt that appellant had committed the crime of pandering sexually-oriented material by photographing a minor engaging in masturbation. Consequently, the trial court was correct in denying appellant's motion for acquittal. Furthermore, the evidence presented was legally sufficient to support appellant's conviction. The first and second assignments of error are overruled.
 {¶ 23} Assignment of Error No. 3:
 {¶ 24} "The trial court erred to the prejudice of appellant in imposing the maximum sentence against him."
 {¶ 25} Appellant argues that the trial court did not comply "with the sentencing statutes in imposing an eight year sentence on Appellant for a felony of the second degree."
 {¶ 26} R.C. 2929.14(A)(2) sets forth the sentencing guidelines applicable to second-degree felonies, allowing prison terms of two to eight years. Appellant was sentenced to a prison term of eight years. R.C. 2929.14(C) specifies when a court may impose a maximum prison term:
 {¶ 27} "[T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, * * *." Thus, to impose the maximum sentence, there must be a finding on the record that the offender committed one of the worst forms of the offense or posed the greatest likelihood of recidivism. See State v. McCall, 152 Ohio App.3d 377, 386,2003-Ohio-1603, at ¶ 49. While the court need not use the exact language of the statute, it must be clear from the record that the trial court made the required findings. State v. Hollander
(2001), 144 Ohio App.3d 565, 569, citing State v. Assad (June 11, 1998), Cuyahoga App. No. 72648. Additionally, R.C.2929.19(B)(2)(d) provides that when imposing a maximum sentence on an offender for a single offense, a trial court must make a finding that gives its reasons for the maximum prison term.
 {¶ 28} Here, the record reflects the court found the existence of two R.C. 2929.14(C) factors: that appellant (1) committed the worst form of the offenses and also (2) poses the greatest likelihood of committing future crimes. At sentencing, the court stated appellant "has committed the worse [sic] form of offense and that the shortest term would demean the seriousness of this offense. For those reasons, I'm going to sentence him to eight years in the appropriate state institution."
 {¶ 29} Moreover, the record contains the reasons the court gave in making these findings. The court commented on the victim's young age, appellant's utilization of his relationship with the victim to facilitate the crime, and his manipulating her into engaging in sexual acts with him on a number of occasions. Regarding appellant's likelihood of recidivism, the court noted that appellant used pornographic materials in the offense and that he frequented a store which sold such materials.
 {¶ 30} Furthermore, the trial court's entry of conviction, in accordance with R.C. 2929.14(C), found that "the shortest prison term will not adequately protect the public from future crime by the defendant or others. The court also finds for reasons stated on the record that the defendant committed the worst form of the offense, and that the defendant poses the greatest likelihood of committing future crimes."
 {¶ 31} Accordingly, the trial court properly found that appellant committed one of the worst forms of the offense and posed the greatest likelihood of committing future offenses, and therefore, properly imposed the maximum sentence. The third assignment of error is overruled.
Judgment affirmed.
Young, P.J., and Valen, j., CONCUR.