OPINION
{¶ 1} Defendant-appellant, Thomas E. Muncey, appeals the denial of his motion for resentencing.
 {¶ 2} In 1998, appellant was convicted of one count each of attempted murder, aggravated assault, and domestic violence, along with a firearm specification. The trial court sentenced appellant to an aggregate term of 14 years in prison. Appellant's convictions and sentence were affirmed on direct appeal. State v. Muncey (Feb. 8, 1999) Madison App. No. CA98-03-013, appeal denied, 86 Ohio St.3d 1402, 1999-Ohio-1136, application to reopen appeal denied (June 6, 2000 entry).
 {¶ 3} In May 2006, appellant filed a motion with the trial court asking to be resentenced to minimum and concurrent sentences. The trial court denied appellant's motion and appellant presents a single assignment of error on appeal which claims the trial court erred by overruling his motion for resentencing.
 {¶ 4} Appellant asserts that his 1998 sentence, which included consecutive and more than the minimum prison terms, is unconstitutional under State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Foster, which requires the resentencing of offenders sentenced pursuant to certain unconstitutional provisions in Ohio's criminal sentencing code, applies "to all cases on direct review." Foster at ¶ 106. This court has concluded that in cases in which a judgment of conviction has been rendered, appeals at the state level have been exhausted, and the time for filing a petition for certiorari with the United States Supreme Court has elapsed, a criminal case is no longer pending on direct review; it is final. State v. Carter, Clinton App. No. CA2006-03-010,2006-Ohio-4205, ¶ 7.
 (¶ 5} In the case at bar, appellant's 1998 conviction and sentence were affirmed at the appellate level. The Supreme Court of Ohio denied direct review, and the period for petitioning the United States Supreme Court has lapsed. We accordingly conclude that appellant's criminal case is not pending on direct review and that he is not entitled to haveFoster retroactively applied.
 {¶ 6} For the reasons set forth above, appellant's sole assignment of error is overruled.
 {¶ 7} Judgment affirmed.