OPINION
{¶ 1} This appeal is before the court pursuant to a notice of appeal filed by appellant, James Lee Brown, Jr., pro se, on June 23, 2006, a brief filed by appellant on November 7, 2006, and a motion to dismiss the appeal filed by counsel for appellee, the state of Ohio, on November 16, 2006. Appellant seeks to appeal an entry by the Fayette County Court of Common Pleas filed June 14, 2006 which overruled a "motion forminimum sentence pursuant to O.R.C. Section 2929.14(A) (B)" filed by appellant on June 12, 2006.
 {¶ 2} Appellant was convicted of pandering sexual material involving minors and sentenced to eight years of incarceration on July 18, 2003. His conviction was affirmed on appeal by judgment entry and opinion filed August 3, 2004. See State v. Brown, Madison CA2003-07-008,2004-Ohio-3996.
 {¶ 3} Appellant subsequently filed the motion for minimum sentence referred to above, which was denied and prompted the present appeal. In his brief, appellant raises two assignments of error as follows:
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE TRIAL COURT ERRED PREJUDICIALLY BY IMPOSING A NON-MINIMUN [sic] IN VIOLATION OF THE STATUTORY LANGUAGE OF OHIO REVISED CODE SECTION 2929.14(A) AND (B) AND PURSUANT TO CRIMINAL RULE 52(B)."
 {¶ 6} Assignment of Error No. 2:
 {¶ 7} "APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT AFFORDED BY THE SIXTH AMENDMENT TO EFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 8} The state's motion to dismiss argues that all of the arguments raised by appellant are either res judicata or on their face without merit due to the provisions of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856.
 {¶ 9} In his first assignment of error, appellant argues that the trial court erred by imposing a nonminimum prison term because his sentence was imposed using sentencing factors that have subsequently been declared unconstitutional by the Ohio Supreme Court in State v.Foster. The Ohio Supreme Court observed in Foster that cases pending on direct review must be remanded for new sentencing hearings. However,Foster was decided on February 27, 2006, and by its terms applies retroactively only to cases pending on direct review or not yet final.Foster at ¶ 106. Appellant's case is final and not pending on direct review. He is therefore not entitled to resentencing pursuant toFoster. State v. Muncey, Madison App. No. CA2006-06-023, 2006-Ohio-6358. His first assignment of error is therefore on its face without merit.
 {¶ 10} Appellant's second assignment of error argues that he was denied the effective assistance of counsel because counsel failed to raise certain issues during sentencing. Appellant has already had the benefit of a direct appeal in which he did or could have raised these issues. These issues may not now be raised in a second appeal based upon the doctrine of res judicata.
 {¶ 11} Further, appellant's motion to modify sentence, which is the subject of this appeal, is construed as a petition for postconviction relief as defined by R.C. 2953.21. State v. Reynolds, 79 Ohio St.3d 158,1997-Ohio-304, syllabus. Appellant's petition was not timely filed "no later than 180 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of conviction or adjudication * * *." R.C. 2953.21(A)(2). Moreover, appellant does not qualify for the exception to the 180-day filing requirement set forth in R.C. 2953.23(A)(1) because the arguments in his postconviction relief petition address only sentencing issues, not issues relating to his guilt. See State v. Carter, Clinton App. No. CA2006-03-010,2006-Ohio-4205. The second assignment of error is therefore on its face without merit.
 {¶ 12} Based upon the foregoing, the court finds that the motion to dismiss appeal is well-taken. Appellant is not entitled to relief based upon State v. Foster, and the additional issues raised in his brief are res judicata. Further, the postconviction relief petition appellant seeks to appeal was not timely filed and raises only sentencing issues. The motion to dismiss this appeal is therefore granted and this appeal is hereby dismissed, with prejudice, costs to appellant.
BRESSLER, P.J., and WALSH, J., concur.