OPINION
{¶ 1} In January 2003, defendant-appellant, James W. Wirtz III, was sentenced to an aggregate term of 15 years in prison on multiple felony charges of burglary in two separate cases. Appellant never appealed his 2003 sentences.
 {¶ 2} Over three and one-half years later, on August 25, 2006, appellant petitioned the sentencing court pursuant to R.C. 2953.23, claiming he was entitled to minimum and concurrent terms of imprisonment. The trial court denied the petition and appellant appeals, *Page 2 
presenting one assignment of error which claims that the sentencing court erred by denying his petition for postconviction relief.
 {¶ 3} Appellant argues he is entitled to minimum and concurrent sentences because the trial court relied upon unconstitutional sentencing provisions when imposing nonminimum and consecutive sentences. In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court found portions of Ohio's felony sentencing scheme unconstitutional and severed those sections from the state sentencing code. The court further held, however, that its ruling inFoster only applied to cases pending on direct review. Id. at ¶ 106. See, also, State v. Brown, Fayette App. No. CA2006-06-026,2007-Ohio-128; and State v. Muncey, Madison App. No. CA2006-06-023,2006-Ohio-6358. As appellant's case was no longer pending on direct review, but had become final in February 2003, Foster is inapplicable.
 {¶ 4} Appellant never pursued a direct appeal in this case. Consequently, he had no later than 180 days after the expiration of the time for filing an appeal — or until August 6, 2003 — to timely file a postconviction relief petition. See R.C. 2953.21; State v. Kruse, Warren App. No. CA2005-10-112 and 113, 2006-Ohio-2510, ¶ 6. Untimely petitions may be filed pursuant to R.C. 2953.23, but may only present claims involving trial errors and cannot raise sentencing errors except those within the capital punishment context. Id. at ¶ 12. Because appellant's petition pertains only to sentencing and not to guilt, the trial court did not abuse its discretion in dismissing the petition. Appellant neither filed his petition within the time frame of R.C. 2953.21 nor satisfied the exception in R.C. 2953.23. Id. at ¶ 13. Accordingly, appellant's sole assignment of error is overruled.
 {¶ 5} Judgment affirmed.
 YOUNG, P.J. and BRESSLER, J., concur. *Page 1