OPINION
{¶ 1} Defendant-appellant, Michael Wells, appeals the decision of the Warren County Court of Common Pleas denying his motion to correct a void sentence. We affirm.
 {¶ 2} In March 2005, appellant was convicted of five counts of rape. He was subsequently sentenced on April 18, 2005 to ten years in prison on each count, with the sentences to run concurrently. Appellant's conviction was affirmed on direct appeal on February 27, 2006. State v.Wells, Warren App. No. CA2005-04-050, 2006-Ohio-874. *Page 2 
Appellant did not appeal this court's decision.
 {¶ 3} On September 12, 2006, appellant filed a "motion to correct void sentence" with the trial court, arguing the trial court utilized statutory provisions that have since been held unconstitutional by the Ohio Supreme Court in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, in sentencing him. The trial court denied appellant's motion, and this appeal followed.
 {¶ 4} On appeal, appellant advances four assignments of error. In his first three assignments of error, appellant argues his sentence is void because the trial court relied upon unconstitutional sentencing provisions in sentencing him to nonminimum prison terms. In his fourth assignment of error, appellant argues the trial court erred in concluding appellant's case was barred from review for purposes ofFoster because his case was not pending on direct review. Because appellant's assignments of error are related, we address them together.
 {¶ 5} In Foster, the Ohio Supreme Court, following the United States Supreme Court's decision in Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, found portions of Ohio's felony sentencing scheme unconstitutional and severed those sections from the sentencing code. Id. at ¶ 97, 99. Foster, however, was decided on February 27, 2006, and by its terms, applies retroactively only to cases pending on direct review or not yet final. Id. at ¶ 106. See, also, State v. Brown, Fayette App. No. CA2006-06-026, 2007-Ohio-128, ¶ 9; State v.Muncey, Madison App. No. CA2006-06-023, 2006-Ohio-6358, ¶ 4. This court has previously concluded that "in cases in which a judgment of conviction has been rendered, appeals at the state level have been exhausted, and the time for filing a petition for certiorari with the United States Supreme Court has elapsed, a criminal case is no longer pending on direct review; it is final." Muncey at ¶ 4.
 {¶ 6} Here, appellant's direct appeal was decided by this court on February 27, 2006, the same date on which the Ohio Supreme Court released its decision in Foster. As an initial *Page 3 
matter, appellant forfeited any Blakely challenge to his sentence, as appellant raised no objection at the trial level that his sentence violated Blakely, nor raised any such challenge as to his sentence on direct appeal to this court. State v. Payne, 114 Ohio St.3d 502,2007-Ohio-4642, ¶ 30, 31 (holding that "a lack of an objection in the trial court forfeits the Blakely issue for purposes of appeal when the sentencing occurred after the announcement of Blakely.")
 {¶ 7} Moreover, appellant did not appeal this court's decision, and the time for filing a petition for certiorari with the United States Supreme Court has since elapsed. See State v. Carter, Clinton App. No. CA2006-03-010, 2006-Ohio-4205, ¶ 7. Accordingly, appellant's case was no longer pending on direct review, and this court's prior decision was final, when he filed his new motion on September 12, 2006. Accordingly,Foster is inapplicable here. See id. See, also, Brown at ¶ 9.
 {¶ 8} With respect to appellant's motion to correct a void sentence, we construe such motion as a petition for postconviction relief as defined in R.C. 2953.21. See Brown at ¶ 11. Pursuant to R.C.2953.21(A)(2), a postconviction relief petition "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *." Pursuant to R.C.2953.23(A)(1), however, a court may entertain a petition filed after the expiration of this time period if both of the following apply:
 {¶ 9} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right. *Page 4 
 {¶ 10} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact-finder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable fact-finder would have found the petitioner eligible for the death sentence."
 {¶ 11} Here, appellant's petition was not timely filed within 180 days after the date on which the trial transcript was filed in the court of appeals in appellant's direct appeal of his conviction. Moreover, appellant's untimely petition does not qualify for the exception pursuant to R.C. 2953.23(A)(1), because the petition pertains only to sentencing issues, not issues relating to his guilt. SeeCarter, 2006-Ohio-4205 at ¶ 16. Accordingly, we find the trial court correctly denied appellant's postconviction relief petition.
 {¶ 12} Based upon the foregoing, we overrule each of appellant's four assignments of error.
 {¶ 13} Judgment affirmed.
 YOUNG, P.J. and WALSH, J., concur. *Page 1